**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KEYONA WILLIAMS,

                Plaintiff,

    v.

P4 SECURITY SOLUTIONS, LLC *et al.*,

                Defendants.

Case No. 25 CV 04791

Honorable Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Keyona Williams, a transgender woman, sues her employer, P4 Security Solutions, LLC, and three P4 employees for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act (IHRA). She alleges that one supervisor blocked her number during the hiring process after learning of her transgender identity. Plaintiff also alleges that she complained to another supervisor about being paid less because she was sent home early one time. The supervisor allegedly disciplined her instead of addressing her complaint. Finally, Plaintiff alleges that these employees gave her a short-term assignment and then removed her from the work schedule when it ended instead of reassigning her, causing a loss of pay.

These alleged actions against Plaintiff were all performed by employees who do not face individual liability under Title VII or the IHRA. Nor do they support a retaliation claim against Defendant P4, because Plaintiff's grievances about her blocked phone number and reduced paycheck were not about any alleged discrimination. However, when liberally construed, Plaintiff's Complaint plausibly alleges that Defendants reduced her work hours because of her

transgender identity, and she may proceed on her sex discrimination claims against Defendant P4.[1] Accordingly, the Court grants the Individual Defendants' motion to dismiss [141] in its entirety, and grants in part and denies it in part Defendant P4's motion to dismiss [130].

## Discussion

Defendant P4 and the Individual Defendants William Jefferson, Brooke Carrier, and Michael Taylor have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion, a court reviews the complaint and its attached or referenced documents for adequate facts that lift the plaintiff's claims from mere speculative possibility to plausibility. *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020); *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025). The court accepts all factual allegations in the complaint as true and reads them in the light most favorable to the plaintiff. *Schillinger*, 954 F.3d at 994. The court also holds a *pro se* plaintiff to less stringent standards and liberally construes her complaint. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A liberal construction includes the consideration of a *pro se* plaintiff's allegations made in her opposition brief and other filings, to the extent that they are consistent with her allegations in the complaint. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); *Clark v. Law Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 829 (7th Cir. 2017) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997)).

### I. The Individual Defendants' Motion to Dismiss

Defendants Jefferson, Carrier, and Taylor move to dismiss Plaintiff's claims because they cannot be individually liable under Title VII and the IHRA. Title VII makes it unlawful for an "employer" to discriminate based on an individual's race, color, religion, sex, or national origin or

---

[1] "Complaint" refers to Plaintiff's second amended complaint. [121].

2

to retaliate against an employee's statutorily protected activity. 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). Title VII does not impose individual liability on the employees. *Etheridge v. Midland Paper Co.*, 2025 WL 1672151, at *2 (7th Cir. June 13, 2025) (citing *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998)); *see also Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity . . . under Title VII."). Similarly, the IHRA makes it a civil rights violation for an "employer" to act based on unlawful discrimination and generally does not provide for individual liability. 775 ILCS 5/2-102(A); *see Andreasik v. Hunt, Gather LLC*, 2024 WL 1142082, at *3 (N.D. Ill. Mar. 15, 2024). Although the statutory language prohibits a "person" from retaliating against another for filing a charge, Illinois courts have consistently held that an IHRA retaliation claim must also be against the employer and not the individual employee. *See* 775 ILCS 5/6-101(A); *Watkins v. Off. of State App. Def.*, 976 N.E.2d 387, 399–400 (Ill. App. Ct. 2012); *Anderson v. Modern Metal Prods.*, 711 N.E.2d 464, 471 (Ill. App. Ct. 1999). There is a limited exception for a defendant employee whose retaliatory conduct was "personally motivated" or "done without the knowledge or consent of the employer." *Watkins*, 976 N.E.2d at 399–400 (quoting *Anderson*, 711 N.E.2d at 471). However, allegations that the individual defendant acted within his scope of employment do not infer either circumstance. *Id.*; *see, e.g.*, *Flores v. College of DuPage*, 2024 WL 3791639, at *2 (N.D. Ill. Aug. 13, 2024) (dismissing IHRA claims that were asserted against an individual defendant without allegations of personal motivation or no employer knowledge or consent).

In the Complaint, Plaintiff alleges that Defendant P4 is her employer, and that Defendants Jefferson, Carrier, and Taylor are other P4 employees. [121] at 1. Defendant Jefferson, her supervisor, allegedly blocked Plaintiff's phone number during her hiring process. [121] at 1. After she was hired, Plaintiff alleges that she had a shift where she was sent home early. *Id.* at 2. That

same day, she contacted Defendant Carrier in human resources who allegedly reassigned Plaintiff to a new location. *Id.* Plaintiff also allegedly complained to Defendant Carrier about her hiring process. *Id.* Plaintiff raised a separate grievance with Defendant Taylor, another supervisor, about her pay being reduced because she was sent home early. *Id.* Plaintiff alleges that he then submitted a false write-up about her instead of addressing her concern. *Id.* On another occasion, Plaintiff allegedly discussed her transportation to and from work with Defendant Jefferson. *Id.* Finally, when Plaintiff's work at the new location ended, Defendants Jefferson and Taylor did not reassign her and allegedly removed her from the work schedule. *Id.* at 2–3. These actions pertain to Plaintiff's hiring, work placement, HR complaints, discipline, and pay, which are all within the Individual Defendants' scopes of employment as supervisors and HR representative. As such, they do not infer any personal motivation or action without Defendant P4's knowledge or consent that warrants an exception to the general rule. *See Watkins*, 976 N.E.2d at 399–400. Accordingly, Plaintiff does not plead Title VII or IHRA claims against the Individual Defendants, who are not her employer.

## II. Defendant P4's Motion to Dismiss

Plaintiff asserts the same discrimination and retaliation claims under Title VII and the IHRA against Defendant P4. Beginning with the retaliation claims, Defendant P4 argues that Plaintiff has not alleged that she engaged in statutorily protected activity. Plaintiff contends that her allegations, which include her reported concerns about her pay and workplace treatment, are sufficient to state a claim.

Claims under Title VII and the IHRA are analyzed under the same framework, so the Court addresses retaliation under the federal and state statutes together. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016). To plead retaliation, a plaintiff must allege (1) that

she engaged in activity protected by the statute; (2) that she suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). Protected activity is "some step in opposition to a form of discrimination that the statute prohibits." *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 501 (7th Cir. 2017). To qualify as protected activity, the employee's grievance to her employer must be about the challenged discrimination. *McHale v. McDonough*, 41 F.4th 866, 871 (7th Cir. 2022). Further, the grievance must connect the alleged discrimination to the employee's membership in a protected class. *See, e.g.*, *Grady v. DM Trans, LLC*, 2024 WL 4581476, at *4 (N.D. Ill. Oct. 25, 2024) (dismissing retaliation claim because the plaintiff's grievance to HR and her manager about discriminatory harassment did not allege that it was based on her race). The court may infer that connection based on the grievance's alleged facts. *See, e.g.*, *Rosas v. Bd. of Educ. of City of Chi.*, 652 F. Supp. 3d 951, 961 (N.D. Ill. 2023) (allowing retaliation claim where the plaintiff's complaint about harassment and inappropriate demands of her as a bilingual teacher to Spanish-speaking students inferred that the harassment was related to her Hispanic-Mexican and Chicana identity).

Here, Plaintiff alleges that Defendant Taylor retaliated against her grievance about a pay reduction after being sent home early on one occasion. [121] at 2. However, she did not communicate to him that her pay reduction was because of discrimination. Indeed, she alleges that he retaliated because she "rais[ed] valid concerns about her compensation." *Id.* That does not allow the Court to infer that her grievance was about alleged discrimination. Plaintiff also complained about Defendant Jefferson blocking her number during the hiring process. *Id.* Although she now alleges in her Complaint that Defendant Jefferson acted discriminatorily, she does not allege that she said the same thing to Defendant Carrier at the time. *See id.* at 1–2; *McHale*, 41 F.4th at 871.

Her factual allegations only indicate that she sought to confirm whether Defendant Jefferson blocked her number. *See* [121] at 2. Plaintiff alleges in one of her response briefs that Defendant Jefferson did so after she disclosed her transgender identity, but nowhere does she allege that this was part of her grievance to Defendant Carrier. Even construed liberally, Plaintiff's allegations do not infer that her grievance raised discrimination generally or discrimination based on her transgender identity specifically. Without an allegation or inference that her grievances were about discrimination, Plaintiff does not plead protected activity that allows for a retaliation claim.

Turning to Plaintiff's discrimination claims under Title VII and the IHRA, these are also analyzed together. *See Volling*, 840 F.3d at 383. A plaintiff sufficiently pleads a discrimination claim if she alleges "enough facts to allow for a *plausible* inference" that she suffered an adverse employment action because of her protected characteristics. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). The first part of this inquiry is whether the defendant's action is the kind that may incur liability. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336–37 (7th Cir. 2024). An actionable adverse employment action is one that incurred "some harm [to the plaintiff employee] respecting an identifiable term or condition of employment." *Id.* (quoting *Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024)). An alleged reduction in work hours demonstrates sufficient harm to support a claim. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013); *see, e.g.*, *Davis v. Pete's Fresh Mkt. 4700 Corp.*, 2025 WL 672923, at *6 (N.D. Ill. Mar. 3, 2025) (denying the motion to dismiss the plaintiff's Title VII claims because her alleged removal from the work schedule was a materially adverse employment action). According to the Complaint, Defendants informed Plaintiff that she would receive a new work assignment after her current assignment ended. [121] at 2. However, they did not reassign her when that happened. *Id.* Instead, they claimed that no new assignments were available and removed Plaintiff from the company

work schedule. *Id.* At a minimum, these alleged actions reduced her assigned working hours, which sufficiently pleads some harm to Plaintiff's terms of employment and plausibly qualifies as an adverse employment action at the pleading stage. *See Luevano*, 722 F.3d at 1029.

The second part of the inquiry is whether the adverse employment action was allegedly connected to the plaintiff's protected characteristics. *Thomas*, 120 F.4th at 1337–38. The plaintiff need not allege facts establishing a prima facie case of discrimination. *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Nor must she allege that she was similarly situated to someone else. *Carlson*, 758 F.3d at 827. "Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Id.* The plaintiff needs only to plead enough factual details for the court to conclude that the story could have happened. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010); *see Thomas*, 120 F.4th at 1337 ("'I was turned down for a job because of my race' is all a complaint has to say." (citation omitted)). Plaintiff alleges in her brief that she disclosed her transgender identity during the hiring process, then Defendant Jefferson blocked her phone number, which he did not do for other applicants. [134] at 2; *see* [121] at 1; *Smith*, 803 F.3d at 311 (considering factual assertions in the *pro se* plaintiff's response brief that added to his allegations in the complaint). She alleges in her Complaint that Defendants Jefferson and Taylor later removed her from the work schedule. [121] at 2–3. Liberally construing her Complaint because of her *pro se* status and reading it in her favor, Plaintiff's allegations are enough to put Defendant P4 on notice of her discrimination claims against it. While her allegations are thin, they infer that Defendant Jefferson acted in a discriminatory way during hiring, and it is plausible that he had the same discriminatory intent when he removed her from the work schedule. *See, e.g.*, *Muhammad v. Chi. Bd. of Educ.*, 2026 WL 850785, at *4 (N.D. Ill. Mar. 27, 2026) (finding a plausible religious

discrimination claim where the complaint alleged that individuals who counted the plaintiff's religion against him during his hiring process were involved in his termination, which was the adverse action at issue). These allegations notify Defendant P4 what it must investigate to defend against Plaintiff's claims and are all she has to say at this stage—details and proofs come at summary judgment. *See Thomas*, 120 F.4th at 1337; *Carlson*, 758 F.3d at 827; *see, e.g.*, *Anderson v. Steiner*, 2026 WL 579209, at *2–3 (N.D. Ill. Mar. 2, 2026) (denying motion to dismiss discrimination claims where the plaintiff alleged that her position was eliminated and she was moved to a new position based on her sex).

As a final matter, Defendants alternatively argue against Plaintiff's remaining IHRA discrimination claim based on a failure to exhaust her administrative remedies. While a filing with the Equal Employment Opportunity Commission (EEOC) is also deemed a filing with the Illinois Department of Human Rights (IDHR) and vice versa, they have separate administrative processes. *See* 775 ILCS 5/7A-102(A-1)(1); *Jafri v. Signal Funding, LLC*, 2022 WL 17718429, at *2 (7th Cir. Dec. 15, 2022). The IDHR will not investigate charges of discrimination until after the EEOC makes its determination. 775 ILCS 5/7A-102(A-1)(1). After the EEOC has made its determination and the plaintiff has submitted that determination to the IDHR, then the IDHR will adopt those same findings or conduct its own investigation if requested. 775 ILCS 5/7A-102(A-1)(3). The IDHR will file its own final order that is required for a plaintiff to pursue an IHRA claim in court. 775 ILCS 5/7A-102(A-1)(3), (C)(4), (D)(3); *Jafri*, 2022 WL 17718429, at *2. The failure to obtain a final order before filing suit, however, is an affirmative defense. *Bell v. DeJoy*, 2024 WL 4948846, at *2 (7th Cir. Dec. 3, 2024) (citing *Mosely v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006)). An affirmative defense warrants dismissal only if the complaint and other properly considered documents show that it clearly applies. *Id.* Plaintiff had no obligation to plead

around a failure-to-exhaust defense, but she addressed it in her response briefs.[2] She alleges that she filed with the IDHR, received a case number, followed its instructions to wait for an EEOC notice of right to sue before proceeding further, and received the EEOC notice on March 6, 2025. [134] at 2; [150] at 1. Although she does not allege that she obtained a final IDHR order, she alleges what she believes plausibly satisfies exhaustion—as a *pro se* litigant who is not an attorney—and her allegations do not make it impossible. She still could have submitted her EEOC notice to the IDHR and received a final order between receiving her EEOC letter dated March 6, 2025, and filing her suit on May 1, 2025. Plaintiff's allegations do not clearly demonstrate that she failed to exhaust, and she bears no burden to prove otherwise at this stage.[3] Therefore, the Court denies this defense without prejudice to Defendant P4 raising it in the future.

### Conclusion

Because Defendants William Jefferson, Brooke Carrier, and Michael Taylor do not face individual liability under Title VII and the IHRA, the Court grants their motion to dismiss [141] with prejudice.[4] The Court grants in part Defendant P4's motion to dismiss [130] and dismisses without prejudice Plaintiff's retaliation claims. The Court denies the motion in part and allows

---

[2] Plaintiff addressed the failure-to-exhaust argument in response to both motions to dismiss. The Court considers her allegations and arguments in both briefs.

[3] With her response to the Individual Defendants' motion to dismiss, Plaintiff submitted her March 6 EEOC notice and emails she received from the IDHR between December 5, 2024, and March 5, 2025. [151]. These also do not close the door on the possibility that Plaintiff received a final order from the IDHR.

[4] Plaintiff has had two previous opportunities to allege facts against the Individual Defendants that would support a claim for individual liability under the IHRA, naming each of them in at least one previous complaint. Seeing no indication that Plaintiff can cure her claims' deficiencies, an opportunity to amend is not warranted. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

Plaintiff to proceed on her sex discrimination claims under Title VII and the IHRA against Defendant P4.

**SO ORDERED.**

Dated: May 11, 2026

Sunil R. Harjani
United States District Judge